United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 15-17640-mdc
Kevin J. Cammon                                                 Chapter 13
Shari A Cammon
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 1           Date Rcvd: Feb 24, 2017
                              Form ID: 3180W           Total Noticed: 10
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 26, 2017.
```
db/jdb         +Kevin J. Cammon,    Shari A Cammon,    5144 Lovering Drive,    Doylestown, PA 18902-1455
13726576       +Seterus,    P.O. Box 1077,    Hartford, CT 06143-1077
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Feb 25 2017 02:13:59      City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 25 2017 02:12:55
                 Pennsylvania Department of Revenue,   Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Feb 25 2017 02:13:32      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
13629126        EDI: HNDA.COM Feb 25 2017 01:43:00      American Honda Finance Corporation,
                 National Bankruptcy Center,   P.O. Box 168088,   Irving, TX 75016-8088,    866-716-6444
13686187        EDI: RESURGENT.COM Feb 25 2017 01:43:00     Ashley Funding Services, LLC its successors and,
                 assigns as assignee of Laboratory,   Corporation of America Holdings,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
13670504       +EDI: STFC.COM Feb 25 2017 01:43:00      CACH, LLC,    PO BOX 5980,    DENVER, CO 80217-5980
13629190       +EDI: IRS.COM Feb 25 2017 01:43:00      DEPARTMENT OF THE TREASURY,    INTERNAL REVENUE SERVICE,
                 600 ARCH STREET RM 5200,   PHILADELPHIA PA 19106-1611
13659237        EDI: ECAST.COM Feb 25 2017 01:43:00     eCAST Settlement Corporation,    POB 29262,
                 New York, NY 10087-9262
                                                                                              TOTAL: 8

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 26, 2017                                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 23, 2017 at the address(es) listed below:
```
              ANDREW F GORNALL    on behalf of Creditor    BANK OF AMERICA, N.A. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              ANDREW F GORNALL    on behalf of Creditor    Federal National Mortgage Association (Fannie Mae)
               agornall@kmllawgroup.com,   bkgroup@kmllawgroup.com
              DENISE ELIZABETH CARLON    on behalf of Creditor    Federal National Mortgage Association (Fannie
               Mae) bkgroup@kmllawgroup.com
              JENIECE D. DAVIS    on behalf of Creditor    Seterus, Inc., as the authorized subservicer for
               Federal National Mortgage Association ("Fannie Mae") Jeniece@MVRLAW.COM,   bonnie@mvrlaw.com
              MICHAEL A. CATALDO2    on behalf of Debtor Kevin J. Cammon ecf@ccpclaw.com,
               igotnotices@ccpclaw.com
              MICHAEL A. CATALDO2    on behalf of Joint Debtor Shari A Cammon ecf@ccpclaw.com,
               igotnotices@ccpclaw.com
              MICHAEL A. CIBIK2    on behalf of Debtor Kevin J. Cammon ecf@ccpclaw.com,   igotnotices@ccpclaw.com
              MICHAEL A. CIBIK2    on behalf of Joint Debtor Shari A Cammon ecf@ccpclaw.com,
               igotnotices@ccpclaw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 11
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Kevin J. Cammon** <br> First Name    Middle Name    Last Name | Social Security number or ITIN  **xxx–xx–5960** <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | **Shari A Cammon** <br> First Name    Middle Name    Last Name | Social Security number or ITIN  **xxx–xx–3422** <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **15–17640–mdc** | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Kevin J. Cammon                              Shari A Cammon

2/23/17                **By the court:**    Magdeline D. Coleman
                                             United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**